UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. STEPHENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-393 RM |
| ) | |
| ELKHART COUNTY, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Christopher Stephens submitted a civil complaint alleging that Indiana officials violated his federally protected rights. The defendants are Elkhart County, Elkhart Superior Court Judge Evan Roberts, the Elkhart County Commissioners, and Commissioners Mike Yoder, Frank Luccese, and Terry Rodino.

Mr. Stephens also filed a petition to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss an *in forma pauperis* suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1989). *See also* Flick v. Blevins, 887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. Denton v. Hernandez, 504 U.S. at 32; Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. Lee v. Clinton, 209 F.3d. 1025 (7th Cir. 2000).

Judge Roberts of the Elkhart Superior Court is presiding over a civil case involving Mr. Stephens. Mr. Stephens alleges that Judge Roberts is a "ficticious (sic) judge" because he "does not have his bond on file at the county recorders officer." (Complaint at p. 2). He further alleges that Judge Roberts has violated Mr. Stephens's Fifth and Fourteenth Amendment rights in five rulings he made between May and August 2007.

Mr. Stephens alleges that Judge Roberts is "guilty of a impersonating a judicial officer through IC 33-34-2-11 as well as IC 33-34-2-12." He also asserts that defendant Roberts is not a judge because he does not have his bond on file at the county recorder's office, in violation of Indiana Code § 5-4-1.5.1(d).

Whether Judge Roberts has properly met all of the qualifications to hold a state judicial office is a matter of state law that must be determined by state officials. "A federal court's grant of relief against state officials on the basis of state law . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984). If Mr. Stephens wishes to have Judge Roberts removed from the bench through a court order, he must seek that remedy in state court.

Accepting (as this court must until determined otherwise by a state court) that Judge Roberts properly holds his judicial office, he is entitled to absolute judicial immunity against Mr. Stephens's damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these

acts must be performed in the judge's judicial capacity. Judge Roberts had the jurisdiction to preside over Mr. Stephens's civil case and make the decisions Mr. Stephens complains of. *See* John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Roberts is entitled to judicial immunity against Mr. Stephens's damage claims.

Mr. Stephens asserts that Elkhart County, the Elkhart County Commission, and the individual County Commissioners are "responsible for Evan Roberts actions through vicarious liability," (Complaint at p. 2), and "are responsible for all actions within the county by the county government." (Complaint at p. 2). He seeks damages from these defendants and asks the court to take various punitive actions against them.

But "(j)udges of Indiana's Circuit superior, and county courts are judicial officers of the state judicial system; they are not county officials." Pruitt v. Kimbrough, 536 F.Supp. 764, 766 (N.D. Ind. 1982), citing State ex rel. McClure v. Marion Superior Court, 158 N.E. 2d 264 (1959); State ex rel. Gibson v. Friedley, 34 N.E. 872 (1893); and State ex rel. Pittman v. Tucker, 46 Ind. 355 (1874). Accordingly, Judge Roberts is not a county official. "Circuit superior and county courts in Indiana are exclusively units of the judicial branch of the State's constitutional system; such courts are not units of county government." *Id.* at 766. Accordingly, Elkhart County and its commissioners could in no way be held liable for any action taken by Judge Roberts.

For the foregoing reasons, the court DENIES the plaintiff's motion to proceed *in forma pauperis* (dockets # 2), and DISMISSES the complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

SO ORDERED.

ENTERED: August  29 , 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court
